NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Newstart Factors, Inc., :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　　: 　　Civ. No. 05-4716 (DRD)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
Casio, Inc.,　　　　　　　　　　　　　　　　 : 　　**O P I N I O N**
　　　　　　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:

---

Peter J. Smith, Esq.
CONNELL FOLEY, LLP
85 Livingston Avenue
Roseland, New Jersey 07068

*Attorney for Plaintiff*

Gregory J. Hindy, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

*Attorney for Defendant*

**DEBEVOISE, Senior District Judge**

### I. PROCEDURAL HISTORY

　　Plaintiff Newstart Factors, Inc. filed a breach of contract complaint against Defendant

Casio, Inc. on September 29, 2005, claiming that Casio failed to make payment due under a

written contract. Casio moves to dismiss the claim.

## II. BACKGROUND

On June 18, 1998 Newstart and Casio entered into an agreement, referred to as the "Global Agreement," under which Newstart agreed to purchase certain accounts receivable owed to Casio by one of its customers, Service Merchandise, Inc, at a purchase rate of ninety two percent. Thus, for any such accounts, Newstart would pay Casio ninety two percent of the gross amount in return for the right to collect on those accounts.

On November 3, 1998 Newstart and Casio entered into a written contract ("the Contract") for the sale of certain accounts pursuant to the terms of the Global Agreement. The gross amount of those accounts, due to be paid by Service Merchandise not later than December 3, 1998 ("the Maturity Date"), totaled $844,239.62. Thus, Newstart paid Casio $776,700.45 (ninety two percent of the gross amount).

As of February 1999 Service Merchandise had made payments such that the amount due was reduced to $416,621.04. On March 16, 1999 Service Merchandise filed for bankruptcy and no further payments were made on the amount owed to Newstart. In April of 2000 Newstart filed a proof of claim in the bankruptcy proceeding in the amount of $416,621.04. In May of 2002 Service Merchandise objected to the amount on the proof of claim. On August 21, 2002 the bankruptcy court entered an order sustaining that objection and reducing the amount allowed in the proof of claim by $193,356.99, from $416,621.04 to $223,264.05. On June 17, 2004 Newstart contacted Casio and requested compensation, alleging that Casio is required, under the terms of the Contract, to reimburse Newstart for the amount lost due to that reduction. As

Newstart paid Casio ninety two percent of the gross amount of the accounts, it sought repayment of $177,888.43, or ninety two percent of the amount by which its claim was reduced ($193,356.99). When Casio did not respond to that request, Newstart filed the present complaint alleging that Casio breached the Contract.

The following paragraphs are the relevant portions of the Contract, clauses four and six, reproduced in their entirety:

> 4. If all or any part of the Receivables are not bona fide obligations of the Customer, or if the Customer asserts that all or any part of the Receivables are subject to any returns, discounts, credits, allowances, or offsets of any nature that would reduce the amount of the Receivables below the Claim Amount, or if the Receivables are listed on the Customer's accounts payable ledger in an amount that is less than the Claim Amount (collectively, a "Dispute") Assignor agrees to repay within 30 days after demand of Assignee, if the dispute is not resolved within 30 days after the Maturity Date, an amount equal to the amount of the Receivables subject to the Dispute multiplied by the Purchase Rate, plus interest thereon at 1% per month from the date hereof to the date of repayment. In the further event there is filed by or against the Customer a petition initiating a proceeding under any chapter or provision of the Bankruptcy Code (the "Bankruptcy Petition"), and all or any part of the Receivables are disallowed, subordinated, in whole or in part, pursuant to a final order of the Bankruptcy Court (whether or not such order is appealed), (collectively, a "Disallowance"), Assignor agrees to immediately repay on demand of Assignee, an amount equal to the amount of the Receivables subject to the Disallowance multiplied by the Purchase Rate, plus interest thereon at 1% per month for the term beginning 15 days after the Maturity Date, to the date of repayment, provided, however, that such demands by Assignee shall not be deemed an election of remedies or any limitation on any other rights that Assignee may have hereunder or under applicable law.
>
> . . . .
>
> 6. To the extent that any amount remains due and unpaid on the Receivables 30 days after the Maturity Date due to a Dispute Assignor agrees to immediately repay, on demand of Assignee, such portion of the consideration paid by Assignee together with interest pursuant to the provision of Section 4. In the event of the

      Bankruptcy Petition, interest and repayment provisions in Section 4 shall not apply.

### III.  DISCUSSION

**Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73.  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff is required to make factual allegations and cannot rely on conclusory recitations of law.  Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**Statute of Limitations**

Newstart claims that Casio breached the Contract by failing to reimburse it for the amount it paid ($177,888.43) as consideration for the amount disallowed by the bankruptcy court ($193,356.99).  Casio argues that whatever cause of action Newstart may have had, if any, arose on January 3, 1999, when Service Merchandise failed to make payment, of the total amount due, within thirty days of the Maturity Date.  Thus, Casio argues that Newstart's claim is time barred as it was filed more than six years after its cause of action arose.

Under clause six of the Contract, Newstart had the right to demand that Casio repay any amount that remained unpaid, due to a "Dispute," thirty days after the Maturity Date.  Citing that

provision, Casio suggests that Newstart should have requested payment from Casio on January 3, 1999 because at that point, Service Merchandise had failed to complete payment within thirty days of the Maturity Date.  Casio argues that on that day, Newstart's cause of action arose and the statute of limitations began running.  But that interpretation is flawed for two reasons

  First, clause six gave Newstart the right to demand payment only if Service Merchandise had failed to pay due to a "Dispute."  Clause four explains that a "Dispute" arises when the Customer (Service Merchandise) asserts that the claimed amount is not a bona fide obligation.  In this case, Service Merchandise never objected to the amount owed until May of 2002 when it objected to Newstart's proof of claim in the bankruptcy proceeding.

  Second, clause six required Casio to repay Newstart only after the latter demanded payment.  It did not require Casio to pay automatically if Service Merchandise defaulted on its obligation.  Thus, Casio could not have breached the agreement until it failed to meet Newstart's demand for payment.  As  no demand was made until June 17, 2004, Casio could not have breached under clause six until after that date.

  A similar analysis applies to clause four of the contract.  The first sentence in clause four requires Casio to repay Newstart only after a Dispute arises and Newstart demands payment from Casio.  The second sentence in clause four requires Casio to repay Newstart only after the bankruptcy court disallows a claimed amount and Newstart demands payment from Casio.  Therefore, Newstart's claim, whether it pertains to clause six or either provision of clause four, did not arise until Service Merchandise Disputed the amount owed or the bankruptcy court disallowed a claimed amount, Newstart demanded payment from Casio, and such demand was

unsatisfied. Therefore, Casio's motion to dismiss on grounds that Newstart's claim is time barred will be denied.

**Newstart's Claim for Interest**

Casio argues that clause six clearly precludes Newstart from seeking interest on an unpaid amount when the amount allegedly owed pertains to a bankruptcy petition. As stated in clause six, "[i]n the event of the Bankruptcy Petition, interest and repayment provisions in Section 4 shall not apply." Although such language seems support Casio's argument, the meaning of that sentence is less clear within the context of the whole contract as it would render the entire second half of clause four meaningless.

It is well established that "an interpretation that gives a reasonable and effective meaning to all the terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect." Rothenberg v. Lincoln Farm Camp, Inc., 755 F.2d 1017, 1019 (2d Cir. 1985). As clause four discusses the rights and obligations of each party in some detail, it is illogical to interpret the contract in a way that renders that provision meaningless. Giving Newstart the benefit of every favorable inference that can be drawn from its allegations it is, at the very least, possible that it will be able to prove that clause four governs the present situation and that it is thus entitled to interest payments from Casio.

In fact, Newstart provides one explanation for the apparent discrepancy between clauses four and six. Newstart suggests that clause six applies only when a Dispute arises and the customer then files for bankruptcy. That scenario is distinguishable from a clause four scenario in which a customer files for bankruptcy and the court disallows an amount sought in a proof of

claim.  As such an interpretation is at least possible, Newstart's claim for interest cannot be dismissed.

### IV.  **CONCLUSION**

For the reasons set forth above, Casio's motion to dismiss Newstart's complaint is denied.  The Court will enter an order implementing this opinion.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:          December 27, 2005